UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              No. 14-24

JAHVAR HOOKS                                                    SECTION I

# ORDER

Before the Court is a motion[1] filed by the Louisiana Department of Children and Family Services ("DCFS") for an *in camera* inspection of records requested pursuant to a subpoena by defendant. DCFS, which "is not a party and not privy to the issues in this matter, takes no position as to the release of these records."[2] It "requests that the Court take into consideration the rights of privacy and confidentiality for all of the persons identified in these records, by making the *in camera* inspection required by [La. Rev. Stat. § 46:56(H)],[3] prior to deciding about their disclosure."[4] DCFS also requests that the Court find that the subpoena has been satisfied.[5]

---

[1] R. Doc. No. 67.
[2] R. Doc. No. 67, at 1.
[3] La. Rev. Stat. § 46:56(H)(2) states, in pertinent part:
> In the event of the issuance of a subpoena or subpoena duces tecum served upon the custodian of case records or other qualified witness or employee of the department in a civil action in which the department is not a party, or in any criminal proceeding, and such subpoena requires production for trial or discovery of any or all of the department's records, it shall be sufficient compliance if the custodian or other qualified employee delivers by registered mail or by hand a true and correct copy of all records described in such subpoena to the clerk of court or other tribunal, together with an affidavit of their authenticity, to be sealed by the court and made available only to the litigants, after an in camera inspection by the court for a determination of relevance and/or discoverability, who shall be bound by the limits of confidentiality.

[4] R. Doc. No. 67, at 1.
[5] R. Doc. No. 1-1.

DCFS deposited the records with the Court and the Court ordered both parties to file a response.[6] Pending the resolution of DCFS's motion, the Court did not disclose the records at issue.

The parties agree that La. Rev. Stat. § 46:56(H) does not bind this Court and that this Court need not conduct an *in camera* review.[7] *See United States v. Louisiana*, No. 11-470, 2012 WL 832295, at *3 (M.D. La. Mar. 9, 2012) (Brady, J.) ("[T]he state privacy law, La. R.S. 46:56, plainly binds neither the federal government nor a federal court hearing suit under federal question jurisdiction."). Moreover, defendant authorized the release of his records to his attorneys[8] and, as the government notes, "defendant himself placed his mental health at issue. Therefore, all records regarding his mental health are relevant and discoverable to both the defendant and the government."[9] Accordingly, the Court finds that, based on the representations made by DCFS,[10] DCFS has satisfied the subpoena issued by defendant, subject to the right of the parties to contest the same.

**IT IS ORDERED** that the records produced by DCFS will be released to counsel for defendant.

---

[6] R. Doc. No. 68.
[7] R. Doc. No. 70, at 2-3; R. Doc. No. 71, at 1-2.
[8] R. Doc. No. 70-1.
[9] R. Doc. No. 71, at 2-3.
[10] *See, e.g.*, R. Doc. No. 67-2, at 1 ("[T]he attached documents are true and correct copies of records found in the Department's files in the Parish of ORLEANS, regarding JAHVAR TIEON HOOKS.").

**IT IS FURTHER ORDERED** that, absent a Court order, the records produced by DCFS shall not be used or disclosed for any purpose other than in connection with the defense or prosecution of the above-captioned matter.

New Orleans, Louisiana, August 27, 2014.

                                                    **LANCE M. AFRICK**
                                         **UNITED STATES DISTRICT JUDGE**